IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DREW HINTON                          *

          Plaintiff                  *

          vs.                        * CIVIL ACTION NO. MJG-17-3475

CITY OF BALTIMORE, ET AL.            *

          Defendants                 *

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER

The Court has before it Defendants, Hanna's, Jeanty's and

Harty's Motion to Dismiss, Or In the Alternative For Summary

Judgment [ECF No. 8], and the materials submitted relating

thereto.  The Court finds that a hearing is unnecessary.


I.   BACKGROUND

Plaintiff Drew Hinton ("Hinton" or "Plaintiff") brings a

suit against Defendants P.O. Fred Hannah ("Hannah"), SGT.

Francisco Jeanty ("Jeanty"), SGT Marlon Harty ("Harty"), and ten

John Doe Defendants.[1]  The Complaint asserts Section 1983 claims

in Seven Counts: municipal liability, supervisory violations,

unlawful arrest, excessive force, failure to intervene,

malicious prosecution, and abuse of process.  Defendants move to

dismiss for failure to state a claim.

---

[1]   Defendant City of Baltimore has been terminated from the
case.  See ECF No. 11.

On May 18, 2014, Plaintiff's fiancé drove her to the hospital in a rush because she was five months pregnant, was bleeding from her vagina, and believed she was suffering a miscarriage. Police stopped their vehicle and arrested her fiancé on an alleged outstanding warrant for failure to make child support payments. They forced Plaintiff to exit the vehicle and also arrested her for hindering an investigation, despite her allegation that she was not threatening in any way.

When Plaintiff arrived at Baltimore Central Booking, the police officers were ordered to take her to the hospital. She discovers at the hospital that she experienced a miscarriage.

Subsequently, all charges against Plaintiff relating to the May 2014 incident were dropped. Plaintiff filed this lawsuit on November 22, 2017.

II. <u>DISMISSAL STANDARD</u>

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-

pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. Id. A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)(quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

Generally, a motion to dismiss filed under Rule 12(b)(6) cannot reach the merits of an affirmative defense. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, affirmative defenses are appropriate to consider at the Rule 12(b)(6) stage "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (emphasis added).

III. <u>DISCUSSION</u>

Defendants argue that all of Plaintiff's claims are barred by the three-year statute of limitations.

"Section 1983 contains no statute of limitations and, consequently, it has been held that the most analogous state statute of limitations would apply.  In Maryland that has been held to be three years." <u>Duggan v. Town of Ocean City</u>, 516 F. Supp. 1081, 1083 (D. Md. 1981).  <u>See also</u> Md. Code Ann., Cts. & Jud. Proc. § 5-101, <u>Davidson v. Koerber</u>, 454 F. Supp. 1256, 1261 (D. Md. 1978); <u>Kashaka v. Baltimore Cty., Maryland</u>, 450 F. Supp. 2d 610, 616 (D. Md. 2006); <u>Lewis v. Clark</u>, 534 F. Supp. 714, 716 (D. Md. 1982).

Section 1983 claims accrue when the plaintiff knows or possesses sufficient facts to have reason to know of the injury that is the basis of the action.  <u>See</u> <u>Brooks v. City of Winston-Salem, N.C.</u>, 85 F.3d 178, 181 (4th Cir. 1996).  Thus, "a claim for false arrest accrues when the claimant becomes detained pursuant to legal process," and "[a] claim for malicious prosecution accrues when the underlying criminal proceedings are terminated in favor of the claimant." <u>Mobley v. Greensboro City Police Dep't</u>, No. 1:17CV114, 2017 WL 3128106, at *3 (M.D.N.C. July 21, 2017).

Plaintiff filed her Complaint on November 22, 2017.  She alleges that her unlawful arrest occurred on May 18, 2014.  Am.

4

Compl. ¶ 15.  Therefore, all claims arising out of the allegedly unlawful arrest are barred by the statute of limitations.

Plaintiff does not plead any other relevant date in her Complaint, for example, when the charges against her were dropped.  However, Defendants' Exhibit A to their motion to dismiss is a docket report from the Circuit Court of Maryland, showing that charges against Plaintiff were dropped on August 25, 2014.  Def.'s Mot. Ex. A, ECF No. 8-2.  Plaintiff does not contest the accuracy or authenticity of the exhibit. Accordingly, all claims arising out of the malicious prosecution allegations are also barred by the statute of limitations.

Plaintiff argues that under the "discovery rule," the statute of limitations clock does not begin to run until she discovers her injury.  She explains in her response that:

> Plaintiff did not discover that she was
> unlawfully arrested until several months
> after she was arrested.  Plaintiff spent the
> first nine (9) months defending herself from
> criminal charges.  It was not until much
> later, after a scarring pregnancy and severe
> emotional distress, that Plaintiff
> discovered that her arrest was unlawful.

Pl.'s Resp. at 2, ECF No. 12-1.  Assuming that the discovery rule even applies in this type of case, the Court does not find it plausible that Plaintiff did not find out about her injury until months after the allegedly unlawful arrest.  Even assuming

that the August 25, 2014 date applies (i.e., when the charges against her were dropped), her claims are still too late.

Plaintiff argues that she may be entitled to equitable tolling and that she should have limited discovery to develop the basis of her equitable tolling claim. She argues in her motion that "Defendant Officers conspired amongst themselves to ensure that Plaintiff would not discover their unlawful conduct." Pl.'s Resp. at 2, ECF No. 12-1.

It is unclear how engaging in discovery could provide any new or additional basis for finding her claims to be timely. The Complaint contains no factual basis for her argument that Defendant Officers conspired to conceal their actions or that they engaged in fraudulent concealment. The Court does not find that Plaintiff has shown any basis for equitable tolling, which is an extraordinary remedy. Kramer v. Bd. of Educ. of Baltimore Cty., 788 F. Supp. 2d 421, 426 (D. Md. 2011) ("The Fourth Circuit has cautioned, however, that equitable tolling is available only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'").

IV.  CONCLUSION

Accordingly:

1. Defendants, Hanna's, Jeanty's and Harty's Motion to Dismiss, Or In the Alternative For Summary Judgment [ECF No. 8] is GRANTED.

2. All claims are dismissed against all Defendants.

3. Judgment shall be entered for Defendants by separate Order.

SO ORDERED, this Friday, April 6, 2018.

_____/s/_____
            Marvin J. Garbis
      United States District Judge